UNITED STATES of America, Appellee,

v.

Hilary M. OKEHI, Defendant–Appellant,

Michael Uzor, aka Dr. Grey Amu, Defendant.

No. 03–1691.

United States Court of Appeals, Second Circuit.

Sept. 16, 2004.

Adam B. Siegel, Assistant United States Attorney for David N. Kelley, United States Attorney for the Southern District of New York (Elizabeth Carpenter), New York, NY, for Appellee, of counsel.

Thomas F.X. Dunn, Law Offices of Thomas F.X. Dunn, New York, NY, for Defendant–Appellant.

Present: MESKILL, MINER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant Hilary Okehi, who was convicted below of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, appeals the district court's denials of his motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure; his application for a mistrial and motion for a new trial pursuant to Rule 33 on the basis of the jury's review of proffer notes not admitted into evidence; and the district court's refusal to grant a downward role-in-the-offense adjustment. For the reasons that follow, we affirm the decision of the district court. The parties' familiarity with the facts and the law are assumed.

On appeal, we review *de novo* a district court's refusal to grant a judgment of acquittal under Rule 29. *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir.2002). In attempting to demonstrate an insufficiency of the evidence to support conviction, a defendant bears a "heavy burden," and "[r]eversal is warranted only if no rational

factfinder could have found the crimes charged proved beyond a reasonable doubt." *United States v. Gaskin,* 364 F.3d 438, 459–60 (2d Cir.2004). When a district court declines to grant a mistrial, we review that decision for abuse of discretion. *See United States v. Carson,* 52 F.3d 1173, 1188 (2d Cir.1995). We likewise review a district court's denial of a motion for a new trial, made pursuant to Rule 33, for abuse of discretion. *United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996). This is because where such a motion is made because the jury had access to unadmitted materials, "[the district court,] having presided over the trial, is in a better position to decide what effect the newly discovered materials might have had on the jury." *United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995). Hence, "[w]e will not reverse a district court's findings of fact concerning a motion for a new trial unless they are clearly erroneous...." *United States v. Diaz,* 176 F.3d 52, 106 (2d Cir.1999). Finally, "[w]e review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Brunshtein,* 344 F.3d 91, 102 (2d Cir.2003) (internal quotation marks omitted).

▬ In this case, and for the reasons articulated by the district court, sufficient evidence existed to permit a rational fact-finder to find that Okehi was guilty of conspiracy to commit wire fraud. Moreover, the district court did not abuse its discretion in denying Okehi's motion for a mistrial or, pursuant to Rule 33, Okehi's motion for a new trial on the basis of the jury's review of a page of notes from Okehi's proffer session, which had not been introduced into evidence at trial. Not only did the district court provide a curative instruction, but the contents of the notes, although not the page itself, had already been introduced at trial. Finally, the dis-

trict court did not abuse its discretion in determining that Okehi had not met his burden of demonstrating by a preponderance of the evidence that his level of culpability entitled him to a role reduction pursuant to U.S.S.G. § 3B1.2. *See United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). The government demonstrated that 119 phone calls had been placed between the telephone in Okehi's possession and that of his co-conspirator, that Okehi was physically present during a transaction crucial to the charged conspiracy, and that money had been sent to his Western Union account that had been procured through another fraudulent scheme.

For these reasons, the judgment of the district court is therefore **AFFIRMED.**

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address Okehi's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*